# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO EVANS,<br><br>          Plaintiff,<br><br>    v.<br><br>MADERA POLICE DEPARTMENT, et al.,<br><br>          Defendants. | CASE NO. 1:19-cv-01803-DAD-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

## I.     INTRODUCTION

**A.**     **Background**

Plaintiff, Leo Evans, is a prisoner in the custody of North Kern State Prison. On December 30, 2019, Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging one claim for excessive force against Defendants "Madera County Police Department," "R. Mahoney 4536," "C. Robertson 519," "R. Vasquez 4263," "Grijalva," "Garcia," and "Vang." (Doc. 1.) Plaintiff alleges each individual defendant is employed as an "SIU Officer" at Madera Police Department. (*See id.* at 3–4.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on January 29, 2020. (Docs. 3, 6.)

Plaintiff's Complaint is now before the Court for screening. As discussed below, Plaintiff's allegations are insufficient to state a plausible claim for relief as currently pled. Plaintiff is granted leave to file a first amended complaint and is provided the pleading

requirements and legal standards under which his claims will be analyzed.

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Summary of the Complaint

Plaintiff alleges the following facts in the complaint:

> On 9/19/2019 at [a]pp[r]oximately 1652 hours [Plaintiff] was apprehended by SIU Officers R. M[a]honey 4536, C. Robertson 519, R. Vasquez 4263, Grijalva, Garcia and Vang during the time of [Plaintiff] being apprehended SIU Officers began striking me in my back and stomach causing me pain and swelling and also brusing [sic] that lasted a couple of weeks.

(Doc. 1 at 5.) Based on these facts, Plaintiff alleges a single claim for excessive force. (*Id.*)

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

2

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

**2. § 1983**

§ 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley*

*v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). It states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

## II. DISCUSSION

Plaintiff appears to assert a claim for excessive force in connection with an out-of-custody interaction with law enforcement and subsequent arrest. Thus, the Fourth Amendment to the United States Constitution applies to his claim—not the Eighth Amendment.[1]

### A. Legal Standards

#### 1. Fourth Amendment—Excessive Force

Claims asserting officers used excessive force during the course of an investigatory stop, or other seizure are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989). To prevail on a § 1983 excessive force claim, a plaintiff must show that the officer's actions were objectively unreasonable under the circumstances. *Id.* at 388. Officers may only use such force as is objectively reasonable under the circumstances. *Id.* at 397; *see also Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

In assessing reasonableness, the court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether

---

[1] The Eighth Amendment applies only to inmates' claims of cruel and unusual punishment by use of excessive force, not to claims of excessive force related to an unreasonable seizure by law enforcement. *See Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

4

he is actively resisting arrest or attempting to evade arrest by flight." *Blanford v. Sacramento Cty.*, 406 F.3d 1110, 1115 (9th Cir. 2005) (citation omitted). "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead," but if "there is probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

### 2. Failure to Intervene

Claims of excessive force are not limited to claims against the officer or officers who actually used excessive force, but may also be brought against officers who were present during the use of excessive force but failed to intervene. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Cuff v. Department of State Hospitals (Stockton)*, No. 2:16-cv-1999 MCE DB P, 2017 WL 1179169, at *5 (E.D. Cal. Mar. 30, 2017). A failure to intervene claim can be alleged against an officer whether or not the officer was in a "supervisor" role at the time of the incident. *Cuff*, 2017 WL 1179169, at *5; *Kraft v. Laney*, No. CIV S-04-0129 GGH, 2005 WL 2042310, at *5 (E.D. Cal. Aug. 24, 2005) (citing *Fundiller v. Cooper City*, 777 F.2d 1436, 1441–42 (11th Cir. 1985) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force . . . can be held liable for his nonfeasance.")).

"To state a claim for failure to intervene, Plaintiff must allege circumstance showing that these officers had an opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so." *Gonzales v. Cate*, No. 1:06-cv-1420-AWI-MJS (PC), 2011 WL 1332174, at *3 (E.D. Cal. Apr. 5, 2011); *Lanier v. City of Fresno*, No. CV F 10-1120 LJO SKO, 2010 WL 5113799 (E.D. Cal. Dec. 8, 2010); *Claiborne v. Blauser*, No. 2:10-cv-2427 LKK EFB P, 2013 WL 1384995, at *5 (E.D. Cal. Apr. 4, 2013).

### 3. Municipal Liability

Municipal departments, such as police departments, are not appropriate defendants in a § 1983 suit. As set forth above, under § 1983 only a "person" acting under color of law may be sued for claims. The term "persons" under § 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–996 (N.D. Cal.1996). But "persons" does not include municipal departments. *Id.* "[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality." *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991). *See also, e.g., Stoll. v. Cty. of Kern*, No. 1:05-CV-01059 OWW SMS, 2008 WL 4218492, at *5 (E.D. Cal. Sept. 8, 2008) (dismissing from suit the defendant Kern County Welfare Department, a municipal department of the defendant County of Kern).

Under longstanding Supreme Court authority, a municipality cannot be held liable under § 1983 simply because it employs an individual accused of, or who has engaged in, illegal or unconstitutional conduct. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "[a] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough [under Monell ] for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.").

Because there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Monell*, 436 U.S. at 691. "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington Cty., State of Or.*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not

received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91. A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992). "In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if—and only if—the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

**B. Analysis**

Plaintiff's complaint alleges a claim of excessive force against Defendants and states simply that "SIU Officers" struck Plaintiff in his back and stomach after they "apprehended" him. (*See* Doc. 1 at 5.) Plaintiff may be able to state a claim for excessive force based on the events described in the complaint. Plaintiff does not, however, specifically allege which Defendant struck Plaintiff, whether all Defendants actively participated in striking Plaintiff, or whether any Defendant was simply present but failed to intervene. Further, Plaintiff does not give the location of the events giving rise to the claim or any of the circumstances under which Defendants came into contact with Plaintiff and "apprehended" him. Thus, Plaintiff does not allege facts sufficient to show that Defendants' use of force was objectively unreasonable under the circumstances. *See Graham*, 490 U.S. at 388. Plaintiff also does not allege sufficient facts to show that any Defendant was present during a violation of Plaintiff's rights by other officers, or that any Defendant had an "opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it)" as required to state a claim for failure to intervene. *See Gonzales*, 2011 WL 1332174, at *3. In sum, the Court concludes that the facts alleged in Plaintiff's complaint are not sufficient to give Defendants "fair notice" of what Plaintiff's claims are and the grounds upon which they rest, i.e., the conduct Plaintiff claims each Defendant exhibited that allegedly subjects each Defendant to liability. *See, e.g., Brazil*, 66 F.3d at 199; *McKeever*, 932 F.2d at 798.

Plaintiff will be granted leave to amend his complaint to attempt to state a claim against the individual Defendants. Plaintiff is advised that if he files an amended complaint, he must

provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555–56. Any amended complaint must specifically set forth the actions of each individual Defendant giving rise to liability and must set forth more facts and circumstances surrounding the allegations, as set forth above.

As to Plaintiff's claims against "Madera County Police Department," as stated above, municipal departments are not appropriate defendants in a § 1983 suit. *See, e.g., Stoll*, 2008 WL 4218492, at *5. Local governments, such as Madera County or the City of Madera, are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort. *See Monell* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68.

Plaintiff is also granted leave to amend to attempt to allege a § 1983 claim against the appropriate municipality. Plaintiff is advised that a conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim. *See Save CCSF Coalition v. Lim*, No. 14–cv–05286–SI, 2015 WL 3409260, at *13 (N.D. Cal. May 27, 2015) (unspecific allegation regarding municipal defendant's use of force policy insufficient to identify a relevant policy or custom under *Monell*); *Telles v. City of Waterford*, No. 1:10–cv–00982–AWI–SKO, 2010 WL 5314360, at *4 (E.D. Cal. Dec. 20, 2010) (to sufficiently state a claim under *Monell*, a plaintiff must allege facts establishing a policy or establishing a lack of

training; it is not enough simply to state that there is a policy or allege a lack of training or supervision); *Jenkins v. Humboldt Cty.*, H.C.C.F., No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010) (same); *Smith v. Cty. of Stanislaus*, No. 1:11–cv–01655–LJO–SKO, 2012 WL 253241, at *3 (E.D. Cal. Jan. 26, 2012) (same). Plaintiff must allege facts setting forth the appropriate municipality's specific policy or custom, how the policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur. *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1157 n.8 (9th Cir. 2014); *Starr*, 652 F.3d at 1207–08, 1216–17.

### III. CONCLUSION AND ORDER

The Court finds Plaintiff has failed to state a plausible claim for relief against under 42 U.S.C. § 1983. Therefore, his complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). *See Lopez*, 203 F.3d at 1126–27; *Woldmskel v. Keg N Bottle Liquor Store*, No. 15-CV-2469 WQH, 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing § 1983 claims sua sponte against defendants not alleged to have acted under color of state law pursuant to 28 U.S.C. § 1915(e)(2)).

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79.

If he chooses to file an amended complaint, Plaintiff should make it as concise as possible and include relevant dates, names, and locations. Plaintiff should state which of his constitutional rights he believes were violated by each Defendant and the specific facts that support each contention—i.e., the actions each Defendant took and how they violated his constitutional rights. If Plaintiff files an amended complaint, his factual allegations will be screened under the legal standards and authorities set forth in this order.

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **March 2, 2020**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE