1
2
3
4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO EVANS,<br><br>             Plaintiff,<br><br>    v.<br><br>MADERA POLICE DEPARTMENT, et al.,<br>             Defendants. | Case No. 1:19-cv-01803-DAD-SKO<br><br>**SECOND ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Docs. 8, 12)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On December 30, 2019, Plaintiff filed the complaint in this case against Defendants. (Doc. 1.) Plaintiff also filed a motion to proceed in forma pauperis, which was granted on January 29, 2020, after Plaintiff submitted his prisoner trust account statement. (Docs. 3, 5, 6.)

On March 3, 2020, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave until March 24, 2020, for Plaintiff to file an amended complaint. (Doc. 8.) Plaintiff failed to file an amended complaint by the deadline, and on July 1, 2020, the Court ordered Plaintiff to show cause why the action should not be dismissed for his failure to file an amended complaint. (Doc. 10.)

Plaintiff filed a motion for a ninety-day extension of time on July 16, 2020, due to his incarcerated status and the restrictions caused by the COVID-19 pandemic. (Doc. 11.) On July 23, 2020, the Court discharged the order to show cause, granted the motion, and ordered Plaintiff to file either his amended complaint of a notice of voluntary dismissal by no later than October 14, 2020. (*See* Doc. 12.) To date, Plaintiff has not filed an amended complaint or requested an extension of time in which to do so.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is again ORDERED to show cause, <u>within twenty-one (21) days of the date of service of this Order</u>, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's July 23, 2020, Order and for failure to prosecute his case.**  Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if he fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **October 28, 2020**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE